**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

INOVISION SOFTWARE SOLUTIONS, INC.,

        Plaintiff,

v.                                            Case No. 15-10390

SPONSELLER GROUP, INC.,

        Defendant.

                                            /

### OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR REMAND

Plaintiff Inovision Software Solutions, Inc. initiated the instant action in state court against Defendant Sponseller Group, Inc. alleging breach of contract, professional malpractice, and fraud and requesting damages "in excess [of] $25,000" for each count. (Dkt. # 3-1, Pg. ID 44-46.).  Defendant removed the case on January 28th, 2015, after it received an email from Plaintiff stating that "the damages [sought by Plaintiff] exceed $75,000." (Dkt. # 9-1, Pg. ID 93)  Now before the court is Plaintiff's Motion for Remand to State Court, which contends that Defendant filed its Notice of Removal beyond 28 U.S.C. § 1446(b)(1)'s 30 day removal deadline. The matter is fully briefed, and no hearing is needed.  *See* E.D. Mich. LR 7.1(f)(2).  For the reasons stated below, the court will deny Plaintiff's Motion for Remand to State Court.

### I. BACKGROUND

Plaintiff Inovision Software Solutions, Inc. initiated the instant action in state court against Defendant Sponseller Group, Inc. alleging breach of contract, professional malpractice, and fraud and requesting damages "in excess [of] $25,000" for each count.

(Dkt. # 3-1, Pg. ID 44-46.)  According to the complaint, Plaintiff is "engaged in the business of providing robotic solutions and systems for its customers."  (Dkt. # 3-1, Pg. ID 41.)  Plaintiff contracts with third parties such as Defendant for "specialized services and products" for its projects.  (*Id.*)  Plaintiff received an order from Honda Manufacturing of Alabama "to provide a robotic system to apply sealant to vehicles which were being assembled within two of Honda's automobile assembly plants."  (*Id.* at 42.)  Plaintiff used support structures supplied by Defendant in its project, but those structures "did not allow the sealant to be accurately and consistently placed upon . . . [the] vehicles in the manner required by Honda."  (*Id.*)  Because of this defect, Plaintiff had to "incur certain costs" by contracting with another structural engineering firm "to correct the failed Sponseller Design."  (*Id.* at 43.)  Plaintiff then filed the instant complaint against Defendant for malpractice, breach of contract, and fraud for providing supports that did not fulfill the terms of their contract with Plaintiff, alleging "an amount in excess [of] $25,000" for each of the three counts listed in the complaint.  (*Id.* at 44-46.)

The complaint was served on Defendant on December 20th, 2014.  (Dkt. # 1, Pg. ID 2; Dkt. # 3, Pg. ID 31.)  Defendant first requested that Plaintiff send him "what documentation you have of [Plaintiff's] alleged damages" on January 8th, 2015, stating that "it is not at all clear to me what the damages are," (Dkt. # 9-1, Pg. ID 94), and received a response on January 9th, 2015 promising to "send that information . . . early next week," (*Id.*).  Two weeks later on January 23rd, 2015, at which point "the promised documentation had not yet been provided," (Dkt. # 9, Pg. ID 83), Defendant again requested "whatever [Plaintiff] has on damages," specifically asking Plaintiff to "indicate whether or not the amount being claimed exceeds $75,000."  (Dkt. # 9-1, Pg. ID 94.)

2

Plaintiff responded, stating that "the damages exceed $75,000" on the same day, January 23rd, 2015. (*Id.* at 93.) Defendant filed its Notice of Removal on January 28th, 2015. (Dkt. # 1, Pg. ID 4; Dkt. # 3, Pg. ID 31.) Plaintiff argues that the deadline to remove the claim was January 19th, 2015, thirty days after Defendant was served with the complaint. (Dkt. # 3, Pg. ID 31.) Thus, Plaintiff contends that Defendant's removal was late and improper. (*Id.*)

Defendant raises 28 U.S.C. § 1446(b)(3) to argue that it had thirty days to remove from the date on which it learned that the case was removable. (Dkt. # 9, Pg. ID 90.) Plaintiff, however, argues that "[e]ach of the separate claims asserted in the State Court Case request '. . . an amount in excess of $25,000 . . . .' Thus, the total of the three . . . claims asserted is in excess of $75,000." (Dkt. # 3, Pg. ID 25.) Therefore, "Defendant could and should have reasonably and intelligently ascertained from the pleadings that the amount in controversy exceeds the jurisdictional minimum." (*Id.* at 33.)

Defendant, however, argues that "Plaintiff cannot aggregate the same damage figure asserted under alternative legal theories" and that Plaintiff has "only one right of recovery" for the single injury of "correcting the alleged failed Sponseller design and implementing the second Sponseller Design." (Dkt. # 9, Pg. ID 89.) Thus, all that the complaint requests is a total "amount in excess of $25,000," not the clear excess of $75,000 that 28 U.S.C. § 1332(a) requires to establish diversity jurisdiction. (*Id.*) Without diversity jurisdiction, the original claim is not removable, and Defendant could only remove once it learned from Plaintiff's "written correspondence" that the damages totaled over $75,000. (*Id.*)

3

## II. STANDARD

According to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between (1) citizens of different States."

28 U.S.C. § 1446(b)(1) states that "[t]he notice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based." 28 U.S.C. § 1446(b)(3) raises an exception to this rule: "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of . . . other paper from which it may first be ascertained that the case is one which is or has become removable."

"[The Sixth Circuit] places a burden on a defendant seeking to remove an action to federal court to show by a preponderance of the evidence that the amount in controversy requirement has been met." *Hayes v. Equitable Energy Res. Co.*, 266 F. 3d 560, 572 (6th Cir. 2001) (citing *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010)). Further, "[t]he amount in controversy should be considered 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." *McGhee v. Citimortgage, Inc.*, 834 F. Supp. 2d 708, 711 (E.D. Mich. 2011) (quoting *Smith v.*

4

*Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007)).  When a complaint does not plead a specific amount in controversy in excess of the jurisdictional amount required under 28 U.S.C. § 1332, "the removing defendant must (1) allege in the notice of removal that the amount in controversy exceeds the required jurisdictional amount, and (2) set forth the facts or other reasons that the removing defendant possesses that support that allegation." E.D. Mich. LR 81.1(b).

### III. DISCUSSION

It is undisputed that Plaintiff's claim, as it presently stands, fulfills the requirements of diversity jurisdiction under 28 U.S.C. § 1332(a), namely that the parties involved are diverse, (Dkt. # 1, Pg. ID 2; Dkt. # 3-1, Pg. ID 41), and that the amount in controversy exceeds $75,000, (Dkt. # 1, Pg. ID 2; Dkt. # 3, Pg. ID 33).  Plaintiff alleges, however, that since Defendant should have "reasonably and intelligently ascertained from the pleadings that the amount in controversy exceeds the jurisdictional minimum," (Dkt. # 3, Pg. ID 33), 28 U.S.C. § 1441(b)(1)'s thirty day deadline triggered when the complaint was filed, and Defendant filed its Notice of Removal past that deadline, (*Id.* at 31). Defendant replies that it "could not have removed the case on the face of the verified Complaint because the amount in controversy did not exceed the jurisdictional amount specified in § 1332(a)." (Dkt. # 9, Pg. ID 89.)  Defendant argues that it filed its Notice of Removal "within 30 days after receipt . . . of information from which it was ascertained that the case is . . . removable" pursuant to 28 U.S.C. § 1446(b)(3) and (c)(3)(A).  (*Id.* at 90.)  The question before the court, then, is whether it was reasonably apparent that Plaintiff's complaint satisfied § 1332(a)'s amount in controversy requirement as filed.

5

The complaint lists three counts against Defendant: breach of contract, professional malpractice, and fraud.  (Dkt. # 3-1, Pg. ID 44-45.)  The final paragraph of each count requests "an amount in excess [of] $25,000."  (*Id.* at 44-46.)  Plaintiff argues that "the original Verified Complaint expressly states Plaintiff seeks damages in excess of $75,000" because "[t]here is [sic] three separate claims, each one claiming damages in excess of $25,000."  (Dkt. # 3, Pg. ID 33.)  Plaintiff relies on *Everett v. Verizon Wireless, Inc.* for the proposition that "a single plaintiff may aggregate the value of her claims against a defendant to meet the amount-in-controversy requirement, even when those claims share nothing in common besides the identity of the parties."  460 F.3d 818, 822 (6th Cir. 2006) (citing *Snyder v. Harris*, 394 U.S. 332, 335 (1969)).  However, Plaintiff's reliance is misplaced here.  In both *Snyder* and *Everett*, the courts refer exclusively to "separate and distinct" claims.  *Everett*, 460 F.3d at 822; *Snyder*, 394 U.S. at 335.  On the other hand, when one plaintiff alleges a single injury against one defendant, it maintains a single right of recovery and cannot increase or aggregate its damages by alleging multiple theories of liability for the same injury.  *See Paeth v. Worth Twp.*, 737 F. Supp. 2d 740, 741 (E.D. Mich. 2010) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 487 (6th Cir. 1973) for the basic principle that "an injured party is entitled to receive full satisfaction for his injury only once"); *Charvat v. EchoStar Satellite, LLC*, 630 F.3d 459, 462 (6th Cir. 2010) (stating that, when a plaintiff sued defendant for multiple violations on each of thirty phone calls, he "could recover statutory damages only on a per-call basis, not on a per-violation basis"); *Halstead v. Southerncare Inc.*, No. 4:05-CV-76, 2005 WL 2261454, at *2 (W.D. Mich. 2005) (quoting *Holmes v. Boehringer Ingelheim Pharms., Inc.*, 158 F. Supp. 2d 866, 868 (N.D. Ill. 2001)

6

for the proposition that "[a] right of recovery is distinct from a theory of liability; a plaintiff may have only one right of recovery though she 'advances a variety of legal theories to support that recovery'").

In the complaint, Plaintiff alleges that Defendant breached its contract "to provide a structural design which allowed sealant to be applied . . . as required," (Dkt. # 3-1, Pg. ID 44), breached its duty of due care to the plaintiff by "fail[ing] to adhere to [its duty to exercise the ordinary skill and care common to engineers]" and thus producing a design that was "inadequate for its intended purpose," (*Id.* at 45), and committed fraud upon representing to Plaintiff that it had "a vast amount of skill and expertise in designing robotic structure [sic]," causing Plaintiff to rely on Defendant for a functional robotic structure, (*Id.* at 45-46).  All of these allegations, however, center on a single injury: that Plaintiff did not receive the promised functional robotic structure and thus incurred costs.  To remove this case, Defendant would have had to prove from the complaint by a preponderance of the evidence that Plaintiff suffered over $75,000 of damages from this single injury, *see Hayes*, 266 F.3d at 572 (citing *Gafford*, 997 F.2d at 158), not from the aggregation of Plaintiff's three theories of liability.  By claiming an indefinite "amount in excess [of] $25,000" for its damages, (Dkt. # 3-1, Pg. ID 44-46), and providing no "specific allegations in the complaint demonstrating that the amount in controversy exceeds $75,000," (Dkt. # 9, Pg. ID 87), Plaintiff makes such proof impossible.  These facts are almost identical to those of *Storball v. Atl. Recording Corp.*, where the defendant attempted to remove a complaint containing "no claims arising under federal law," no "specific amount of claimed damages," and no further facts or allegations that explicitly demonstrated that Plaintiff was seeking over $75,000 in damages.  989 F.

Supp. 845, 847 (E.D. Mich. 1997).  Because of these factors, the court held that "it [was]

not immediately apparent from the complaint that the case was removable when filed."

*Id.*  The court in *Storball* further clarified:

> "No purpose is served by requiring the defendant . . . to speculate as to
> the amount in controversy when that amount can be ascertained from the
> plaintiff within a reasonable time through normal discovery procedures.  If
> the amount does not appear upon filing of the original complaint, the thirty-
> day period commences to run anew upon the receipt by the defendant of
> some subsequently filed . . . other paper from which the defendant can
> first ascertain the case is removable."

*Id.* (quoting *Wood v. Malin Trucking, Inc.*, 937 F. Supp. 614, 616-17 (E.D. Ky. 1995)).

Here, under the same circumstances, Defendant could not reasonably have met

its burden of showing that the complaint satisfied § 1332(a)'s amount in controversy

requirement without further information, and thus the claim was not yet removable.

Because the claim was not removable from the face of the complaint, Defendant

could invoke 28 U.S.C. § 1446(b)(3) to extend § 1446(b)(1)'s deadline upon receipt of

"other paper . . . from which it may first be ascertained that the case is one which is . . .

removable."  The first such paper arrived on January 23rd, 2015 in the form of an email

from Plaintiff stating that "I can and do indicate that the damages exceed $75,000."

(Dkt. # 9-1, Pg. ID 93; Dkt. # 3, Pg. ID 33; Dkt. # 9, Pg. ID 89.)  Again, the facts

strikingly resemble those of *Storball*, where "Plaintiff's own submissions indicate[d] that

the amount in controversy was in excess of $75,000 at the time defendant removed this

case."  989 F. Supp. at 846.  In *Storball*, the plaintiff's statement that the damages

totaled above $75,000 was a sufficient "other paper" to meet the defendant's burden of

proving that the amount in controversy requirement was met.  *Id.* at 847.  Following suit,

this court finds Plaintiff's email to be adequate.

8

Since the claim stated by the initial pleading was not removable, and since Defendant first ascertained that the claim was removable from the email that Plaintiff sent to Defendant on January 23rd, 2015, Defendant was allowed under 28 U.S.C. § 1446(b)(3) to file a notice of removal until February 22nd, 2015, thirty days later. Defendant filed its Notice of Removal on January 28th, 2015–well within the time limit. (Dkt. # 1, Pg. ID 4.)  Furthermore, the Notice of Removal alleges that the amount in controversy exceeds § 1332(a)'s required jurisdictional amount, (*Id.* at 2), and it sets forth Plaintiff's "written correspondence" in support of that allegation, (*Id.* at 3), all in accordance with E.D. Mich. LR 81.1(b).  This court therefore holds that Defendant's removal was proper.

## IV. CONCLUSION

IT IS ORDERED that Plaintiff Inovision Software Solutions, Inc.'s Motion for Remand to State Court, (Dkt. # 3), is DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  June 26, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 26, 2015, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522