UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| INOVISION SOFTWARE SOLUTIONS, INC. ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| vs. ) | Civil Case No. 2:15-cv-10390-RHC-DRG |
| ) | |
| SPONSELLER GROUP, INC. ) | Hon. Robert H. Cleland |
| ) | Magistrate Judge Hon. David R. Grand |
| Defendant/Counter-Plaintiff, ) | |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Fed. R. Civ. P. 26 (c), Plaintiff Inovision Software Solution, Inc. ("Plaintiff") and Sponseller Group, Inc. ("Defendant"), by and through undersigned counsel, stipulate, pursuant to Federal Rule of Civil Procedure 26(c), to the following Protective Order, and request that the Court enter it. Plaintiff and Defendant are referred to collectively as the "parties," and individually as a "party."

1. **Introduction and Scope**

This Protective Order shall govern documents and information exchanged during this action, including, but not limited to, documents produced by the parties or non-parties, deposition testimony, testimony taken at a hearing or other proceeding, interrogatory answers, responses to requests for admission, and correspondence between counsel (collectively, "Discovery Material").

2. **Designation of Certain Discovery Material as "CONFIDENTIAL"**

Discovery Material may be designated "CONFIDENTIAL" if such Discovery Material contains non-public, sensitive or confidential information. Such Discovery Material shall be so identified at the time of service of such Discovery Material by including on each page the legend

1

"CONFIDENTIAL." Any document, material, or information designated by a party as "CONFIDENTIAL" must be reviewed by an attorney and, if appropriate, labelled as "Confidential" by the reviewing attorney   The designation of any document, material, or information as "CONFIDENTIAL," in the manner described above, shall constitute a certification by the attorney reviewing and labelling the material and making such designation that he or she in good faith believes the material truly non-public and is confidential.

3.      **Designation of Certain Discovery Material as "ATTORNEYS' EYES ONLY"**

A party may designate Discovery Material as "ATTORNEYS' EYES ONLY" if such Discovery Material contains particularly sensitive confidential information that the producing party believes in good faith cannot be disclosed without threat of competitive injury, because such Discovery Material contains proprietary or commercially sensitive information.  Such Discovery Material shall be so identified at the time of service of such Discovery Material by including on each page the legend "ATTORNEYS' EYES ONLY."   Any document, material, or information designated by a party as "ATTORNEYS' EYES ONLY" must be reviewed by an attorney.  The designation of any document, material, or information as "ATTORNEYS' EYES ONLY," in the manner described above, shall constitute a certification by the attorney reviewing the material and making such designation that he or she in good faith believes the material deserves this heightened level of protection.

4.      **Limitations on Access to Discovery Material**

Subject to Paragraphs 5 and 6 of this Order, "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material shall not, without prior written consent of the producing party, (a) be disclosed to anyone other than the Court, its officers and its clerical staff and the Authorized Personnel specified in Paragraphs 5 and 6 hereof; or (b) be used by anyone other than

the producing party for any purpose whatsoever other than the prosecution or defense of this litigation. Nothing herein shall affect any confidentiality obligations to which the parties may be subject pursuant to agreements independent of this litigation, nor shall anything herein constitute an agreement that such obligations will relieve any party of the obligation to produce Discovery Material.

5. **Limitations on Access to "CONFIDENTIAL" Discovery Material**

Access to and disclosure of "CONFIDENTIAL" Discovery Material marked and identified in accordance with this Order shall be limited to the Court, its officers and its clerical staff and to the Authorized Personnel. Authorized Personnel are:

(a) Outside counsel of record for the parties to this lawsuit and outside counsel not of record that become signatories to this Order, including paralegal, secretarial, and clerical personnel reasonably necessary to assist such counsel;

(b) In-house counsel for the parties with responsibility for the oversight of this litigation;

(c) Employees of the parties with responsibility for the oversight of this litigation;

(d) Technical experts and other consultants and their staff who are retained by a party or attorney to assist in this action, but only to the extent reasonably necessary to perform such work. A party desiring to disclose "CONFIDENTIAL" (or "ATTORNEYS' EYES ONLY") Discovery Material to experts or consultants shall first obtain from each expert or consultant an Acknowledgement in the form provided in Exhibit "A", and the attorney for the party shall keep the executed Acknowledgement for a one year period following the final termination of this Civil Action. The disclosing attorney must have a good faith belief that disclosure of such documents

to the expert of consultant is necessary for the expert or consultant's review of the issues in this Civil Action.

(e) Employees of outside vendors providing copy services and exhibit preparation services in connection with this litigation provided that each vendor execute an Acknowledgement in the form provided in Exhibit "A";

(f) Stenographic reporters and videographers engaged for depositions or proceedings necessary to this action;

(g) Any person (i) who is identified as an author or recipient, including receipt by copy, of any document or information therein and is not otherwise shown prior to such disclosure not to have received the document or information therein or (ii) who has been identified in writing by the designating party as having been provided with the document or information therein. Such person shall be considered "Authorized Personnel" solely with respect to the specific document or information therein;

(h) Third-party mediators selected by the parties; and

(i) Such other persons as hereafter may be designated by written stipulation of the parties filed with the Clerk of the Court or by further Order of the Court.

6. **Limitation on Access to "ATTORNEYS' EYES ONLY" Discovery Material**

Access to and disclosure of "ATTORNEYS' EYES ONLY" Discovery Material marked and identified in accordance with this Protective Order shall be limited solely to the Court, its officers and its clerical staff and to the Authorized Personnel listed in Paragraph 5, with the exception that no "ATTORNEYS' EYES ONLY" Discovery Material shall be provided, shown, or made available to the persons identified in Paragraphs 5(b) and 5(c). "ATTORNEYS' EYES

ONLY" Discovery Material shall not be provided, shown, made available or communicated in any way to any person or entity other than provided for in this paragraph.

7.     **Designation of Deposition or Other Testimony**

Deposition and other testimony may also be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  During the course of a deposition or other testimony which involves "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material, counsel for a party or witness producing such information may designate on the record the portion(s) of the deposition or other testimony which counsel believes may contain "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information.  If such designation is made, those portions of the deposition or other testimony involving such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material will be taken with no one present, except those persons who are authorized to have access to such "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material in accordance with this Order. A party objecting to any such designation of deposition or other testimony as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall follow the procedure as set forth in paragraph 12 below.

8.     **Party's Own Information**

The restrictions on the use of Discovery Material established by this Protective Order are applicable only to Discovery Material received by a party from another party or from a non-party as a direct result of this litigation.  A party is obviously free to do whatever it desires with its own Discovery Material.

9.     **Related Material**

The restrictions on the use of Discovery Material established by this Protective Order shall extend to:  (i) all copies, extracts and complete or partial summaries prepared from such

Discovery Material; and (ii) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto that contain or reflect the content of any such Discovery Material, copies, extracts, or summaries, provided that such writings are identified as containing "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material as provided for by Paragraph 10 hereto and are marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on at least the first page of the writing.

10.  **Procedures for Filing Designated Material**

Any party wishing to include, disclose, or attach any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material as part of or with any pleading, motion, brief or other paper filed with the Clerk of this Court, shall move to have the material filed under seal. Copies of the papers filed under seal shall be timely served on counsel for the parties. Should the need arise during any pre-trial proceedings before the Court, a party may cause "CONFIDENTIAL" and/or "ATTORNEYS' EYES ONLY" Discovery Material to be disclosed only after appropriate *in camera* inspection or other appropriate safeguards are requested of the Court.

11.  **Use of Discovery Material at Hearing or Trial**

At any hearing or trial relating to this proceeding, subject to the rules of evidence and any Order of the Court, a party may use any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material for any purpose. In the event that any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material is used in any court proceeding in connection with this litigation, it shall not lose its status as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material through such use.

12. **Challenge to Designation**

In the event that the party receiving "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material disagrees with the designation by the producing or designating party, then the parties initially will try to resolve the dispute on an informal basis, within five (5) business days from the date that the receiving party raises the objection to the designation (or a mutually agreed upon longer period) in writing.  Any such disputed items shall be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material, as designated, and subject to the protections of this Order unless and until the parties reach an agreement or the Court determines otherwise.  If the parties are unable to resolve their differences, then the objecting party may file a motion requesting disclosure.  In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" (or "ATTORNEYS' EYES ONLY")  shall bear the burden of establishing that good causes exists for the disputed information to be so treated.  Neither party shall be obligated to challenge the propriety of a "CONFIDENTIAL" or "ATTORNEYS EYES ONLY" designation, and failure to do so shall not constitute an admission that any Discovery Material is in fact "CONFIDENTIAL" or "ATTORNEYS EYES ONLY".  Discovery Material marked and identified in accordance with this Protective Order shall remain subject to the terms of this Protective Order unless otherwise agreed by the producing party or ordered by the Court.

13. **Additional Disclosures**

(a)  If it becomes necessary for counsel for a party receiving "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material to seek the assistance of any person other than those specified in Paragraph 5 above, the following procedures shall be employed:

    (1) Counsel for the receiving party shall notify, in writing, counsel for the producing party of the desire to disclose such CONFIDENTIAL or ATTORNEYS' EYES ONLY Discovery Material and shall identify the person(s) to whom counsel intends to make such disclosure;

    (2) If no objection to such disclosure is made by counsel for the producing party within five (5) business days of such notification, counsel for the receiving party shall be free to make such disclosure to the designated person(s); provided, however, that counsel for the receiving party shall serve upon opposing counsel, prior to disclosure, an Acknowledgment in the form set forth in Exhibit A whereby such persons agree to comply with and be bound by this Stipulated Protective Order;

    (3) If the producing party objects to such disclosure, no disclosure shall be made at that time.  However, any party may bring before the Court the question of whether the particular "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material can be disclosed to the designated person(s) and the party making the designation shall have the burden of establishing before the Court the necessity for such designation.

14. **Materials Not "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"**

  Notwithstanding the designation and protection of any materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material, such Discovery Material shall not be deemed confidential and shall not be subject to this Order, if the content and/or substance thereof:

 (a) is, at the time of disclosure, in the public domain by publication or otherwise and is not otherwise protected from disclosure as a result;

(b)     becomes at any time, through no act or failure to act on the party of the recipient party, part of the public domain by publication or otherwise;

(c)     is already in the possession of a party at the time of disclosure by the other party and was acquired other than directly or indirectly from the disclosing party under conditions requiring the confidential treatment of the material; or

(d)     is made available to a party by a third-party who obtained the same by legal means and without any obligation of confidence to the party claiming its confidential nature.

15.     **Return of Discovery Material**

After this case is completed, including the exhaustion of all appeals, each party, unless otherwise agreed in writing by counsel for the parties, shall have thirty (30) calendar days to notify the other party in writing whether it wants (1) the return of its produced materials designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," including all copies, extracts, and summaries thereof; or (2) the destruction of these materials by the party, person, or firm in possession.  Any documents, copies, extracts or summaries that constitute attorney work product may be retained by counsel or destroyed.  The return or destruction of these materials shall occur within thirty (30) days after this written notice is received.  The party returning or destroying materials under this paragraph shall provide a written certificate to the producing party attesting to the return or destruction of all designated materials.

16.     **Waiver or Termination**

The provisions of this Protective Order may not be modified, waived or terminated except by the written stipulation of counsel or order of the Court.  This Order shall survive the final termination of this proceeding with respect to any retained "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material.  Termination of the proceedings shall not

relieve any person from the obligations of this Protective Order, unless the Court orders otherwise. The Court shall retain jurisdiction to enforce the Protective Order despite the termination of this lawsuit.

17. **Notice**

All notices required by this Protective Order are to be served via facsimile to the outside counsel for the parties. The date by which a party to this action receiving the notice shall respond, or otherwise take action, shall be computed from the date indicating that the facsimile was received. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the party designating Discovery Material under this Order.

18. **Other Proceedings**

By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who receives a written request, subpoena, or court order seeking disclosure of another party's "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Discovery Material, such person shall promptly (no more than five (5) business days after receipt) notify counsel for the producing party of the request, subpoena, or court order and shall provide a copy of the same.

      S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 6, 2015



I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 6, 2015, by electronic and/or ordinary mail.


 S/Lisa Wagner

Case Manager and Deputy Clerk

(313) 234-5522

## **EXHIBIT "A"**

WRITTEN ACKNOWLEDGEMENT TO ABIDE BY THE TERMS OF THE STIPULATION AND ORDER REGARDING CONFIDENTIALITY

I, _____, do solemnly swear that I have received a copy of the Stipulated Protective Order Governing Confidentiality that was entered into by the parties in connection with INOVISION SOFTWARE SOLUTIONS, INC. –v- SPONSELLER GROUP, INC. Civil Action No. 2:15-cv-10390-RHC-DRG, Unites States District Court, Eastern District Of Michigan, Southern Division, and I hereby agree to be bound by its terms and conditions.  I recognize that during my participation in the handling and development of this case I may have occasion to read or hear of Discovery Material that is designated "CONFIDENTIAL" or "ATTORNEYS EYES ONLY."  I agree to use any such Discovery Material solely in connection with my participation in this case and for no other purpose.

_____